# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JACOBSEN, | ) | CASE NO.: 5:16CV438 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on an objection filed by Plaintiff Christopher Jacobsen to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Jacobsen's appeal of the Social Security Administration's decision to deny his claim for disability insurance benefits. On October 21, 2016, Magistrate Judge Limbert issued his R&R recommending that the Commissioner's decision be affirmed.

For the reasons stated below, the objection is OVERRULED. The R&R is adopted in whole and the decision of the Commissioner is hereby AFFIRMED.

**I.    Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is

supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Jacobsen's Objection

In his objection, Jacobsen contends that the R&R erred in its conclusion that the ALJ properly determined that Jacobsen's condition had not worsened in the time since the denial of his prior application of benefits. In that regard, Jacobsen contends that both his mental and physical condition had worsened and that the R&R's conclusions to the contrary were both in error.

In his objections, Jacobsen does not identify any legal error in the R&R. Jacobsen states in a conclusory fashion that the R&R "improperly concentrated on re-weighing the evidence." Doc. 19 at 2. However, Jacobsen does not identify in what manner this occurred, and the Court's independent review does not support such a conclusion. Instead, the R&R reflects a thorough and accurate review of the decision by the ALJ. Within that decision, the ALJ analyzed the precise arguments raised by Jacobsen before this Court and now pending in Jacobsen's objections. More specifically, the ALJ found that the fact that Jacobsen was now receiving mental health treatment and in more severe pain were insufficient to depart from the RFC utilized in his prior claim for benefits.

In the remainder of his objection, Jacobsen again restates his substantive argument that his conditions had worsened. In so doing, Jacobsen identifies no error in the manner in which the R&R analyzed these very same arguments. Accordingly, this Court cannot find error in the R&R.

### III. Conclusion

Jacobsen's objection is OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: <u>December 16, 2016</u>        <u>    /s/ John R. Adams            </u>
                                       JUDGE JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE